**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| OLD GUARD INSURANCE COMPANY | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | 22cv6713 |
| | ) | |
| SAOIRSE HOMES, LLC, SELENE HOMES, LLC, | ) | |
| JENNIFER JEFFERY, and JON B. HAVRILESKO, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Old Guard Insurance Company ("Old Guard"), by and through its attorneys, David S. Osborne and Philip G. Brandt of Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against the Defendants Saoirse Homes, LLC ("Saoirse"), Selene Homes, LLC ("Selene"), Jennifer Jeffery ("Jeffery"), and Jon B. Havrilesko ("Havrilesko") alleges as follows:

### INTRODUCTION

1. In this declaratory judgment action, Old Guard seeks a declaration that it owes no duty to defend or indemnify Saoirse, Selene, or their manager, Jeffery, with respect to a certain action brought by Havrilesko in the United States District Court for the Northern District of Illinois, Western Division, case no. 3:22-cv-50265 ("the underlying lawsuit").

### THE PARTIES

2. Old Guard is an Ohio corporation, which maintains its principal place of business in Westfield Center, Ohio. Old Guard is a citizen of Ohio.

3. Saoirse is an Illinois limited liability company doing business in Winnebago County, Illinois. Jeffery and Madilyn Petry ("Petry") are Saoirse's members and managers. Jeffery and Petry are citizens of Illinois. Saoirse is a citizen of Illinois.

4. Selene is an Illinois limited liability company doing business in Winnebago County, Illinois. Jeffery and Petry are Selene's members and managers. Jeffery and Petry are citizens of Illinois. Selene is a citizen of Illinois.

5. Jeffery is a member and manager of Saoirse and Selene, residing in Winnebago County, Illinois. Jeffery is a citizen of Illinois.

6. Havrilesko is a citizen of Illinois, residing in Winnebago County. Havrilesko is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action. Old Guard seeks no relief from Havrilesko, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Havrilesko will sign a stipulation to that effect, then Old Guard will voluntarily dismiss him as a Defendant.

**JURISDICTION AND VENUE**

7. No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so diversity of citizenship exists.

8. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to preclude coverage for a loss exceeding $75,000 in value.

9. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

10. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.

11. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

### THE UNDERLYING LAWSUIT

12. On July 29, 2022, Havrilesko filed a complaint in the underlying lawsuit against Saoirse, Selene, Jeffery, and other developers and their principals or agents (the "underlying complaint"). A copy of the underlying complaint is attached hereto as **Exhibit A**.

13. The underlying complaint alleges that Havrilesko is "an individual who engages in the business of creating, publishing, and licensing copyrighted architectural work." Ex. A, ¶ 3.

14. The underlying complaint alleges that Saoirse and Selene are in the business of marketing, development, construction, and sales of residential homes. Ex. A, ¶s 4-10.

15. The underlying complaint alleges that Saoirse and Selene also publish, distribute, and advertise residential homes and home designs through traditional print media as well as electronic media. Ex. A, ¶ 17.

16. The underlying complaint alleges that Havrilesko created certain "architectural works" in the form of model home plans, *i.e.*, blueprints, for the construction of single-family homes (the "Subject Plans"). Ex. A, ¶¶ 19, 20.

17. The underlying complaint alleges that the Subject Plans were "works made for hire" created during the course of Havrilesko's employment with his own company, Rebenok Design & Consulting, LLC ("Rebenok"). Ex. A, ¶ 20.

18. The underlying complaint alleges that Rebenok occasionally granted limited, single-build construction licenses for the Subject Plans, which authorized the licensee to use those plans to build a single home on a single lot. Ex. A, ¶ 22.

19. The underlying complaint alleges that Rebenok granted a single-build construction license for each of the Subject Plans to JJP Development ("JJP"), which has principals or agents in common with Saoirse and Selene. Ex. A ¶ 23.

20. The underlying complaint alleges that Rebenok subsequently assigned all of its rights, title, and interest in the Subject Plans back to Havrilesko. Ex. A, ¶ 21.

21. The underlying complaint alleges that in December 2020, Havrilesko first became aware that Saoirse and Selene had violated the copyrights of certain model home plans that were part of the Subject Plans where Havrilesko observed homes that appeared to be virtually identical to the model 1978 and 2149 home plans that were part of the Subject Plans. Ex. A. ¶ 39.

22. The underlying complaint alleges Havrilesko "subsequently discovered that [Saoirse and Selene] had infringed the [model] 1848 home plan as well, and subsequently discovered that the [Developers] built infringements [*sic*] of the [Subject Plans models] in other locations." Ex. A., ¶ 39.

23. The underlying complaint alleges that upon investigating Saoirse's and Selene's "unlicensed use" of the Subject Plans, Havrilesko discovered that Saoirse and Selene advertised and published "infringing copies" of Havrilesko's Subject Plans and/or derivatives of them on Saoirse's and Selene's websites and other third-party websites "for the purposes of "advertising, marketing, and/or promotion." Ex. A, ¶ 40.

24. The underlying complaint alleges that Saoirse and Selene received "revenue attributable to the online and/or print publication of infringing copies of [the Subject Plans] by

developing, constructing, advertising, marketing, and/or selling one or more three-dimensional copies of [the model homes] and/or from the development of subdivisions where such revenue was realized through the sale of lots." Ex. A, ¶ 49.

25. The underlying complaint includes depictions of the models in Havrilesko's Subject Plans and those advertised and published by the Developers as well as includes graphical representations of the floor plans and elevation drawings. See Ex. A, ¶ 43.

26. The underlying complaint alleges that Jeffery had "knowledge of [Saoirse's and Selene's] infringing activities and/or materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales, and/or other services in furtherance of the [Saoirse's and Selene's] copying, distributing, marketing, construction, and/or sales of known infringing designs and houses." Ex. A, ¶ 51.

27. The underlying complaint alleges that Saoirse, Selene, and Jeffery committed non-willful and willful copyright infringement under the federal Copyright Act (17 U.S.C. §106). See Ex. A, Counts I-VI.

28. Count I of the underlying complaint alleges that Saoirse, Selene, and Jeffery, without knowledge or intent, modified the Subject Plans by selectively copying parts of the Subject Plans and/or reproducing unauthorized copies of Havrilesko's floor plan and elevation drawings or derivatives thereof. Ex. A, Count I.

29. Count II of the underlying complaint alleges that Saoirse, Selene, and Jeffery, without knowledge or intent, infringed Havrilesko's copyrights over the Subject Plans by publicly displaying unauthorized copies of Havrilesko's floor plan and elevation drawings or derivatives thereof. Ex. A, Count II.

30. Count III of the underlying complaint alleges that Saoirse, Selene, and Jeffery, without knowledge or intent, infringed Havrilesko's "copyrights in one or more of [Havrilesko's] Works by building, advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works" in violation of the Copyright Act. Ex. A, Count III.

31. Counts IV, V, and VI of the underlying complaint allege the same conducts as that in the respective Counts I, II, and III, except that Counts IV, V, and VI allege the same conduct was committed "willfully." See Ex. A, Counts IV, V, and VI.

## THE OLD GUARD POLICIES

32. Old Guard issued a commercial package policy, policy number CWP 177324N, to Saoirse Homes LLC, providing commercial general liability ("CGL") coverage to the insured for the policy period of September 20, 2021 to September 20, 2022 (the "Saoirse Policy"). A true and correct copy of the Saoirse Policy is attached hereto as **Exhibit B**.

33. Old Guard issued a commercial package policy, policy number CWP 173796V, to Northward Development LLC. Selene Homes LLC is scheduled as a named insured. The policy provides commercial general liability ("CGL") coverage to the insureds for the policy period of September 2, 2021 to September 2, 2022 (the "Selene Policy"). A true and correct copy of the Saoirse Policy is attached hereto as **Exhibit C.** The Saoirse and Selene Policies will be collectively referred to as the Old Guard Policies.

34. The Old Guard Policies are intended to be interpreted as a whole, but for the convenience of the Court and counsel, Old Guard sets forth certain pertinent provisions from the policies' CGL coverage, which are materially identical in each policy, as follows:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion investigate any offense and settle any claim or "suit" that may result.\*\*\*

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

    \* \* \* \* \*

2. **Exclusions**

    This insurance does not apply to:

    \* \* \* \* \*

    i. **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

        "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

    \* \* \* \* \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    \* \* \* \* \*

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your

7

business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \* \* \*

## SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters. \*\*\*

\* \* \* \* \*

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\* \* \* \* \*

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \* \* \*

35. There may be other relevant policy provisions on the basis of which Old Guard can assert that it does not owe a duty to defend or indemnify Saoirse, Selene, and Jeffery with respect to the underlying lawsuit, and Old Guard reserves the right to plead them in the future.

8

## COUNT I
### No Duty to Defend or Indemnify Selene in The Underlying Lawsuit

36. Old Guard restates and incorporates the allegations of paragraphs 1 through 35, above as if set forth fully herein.

37. Old Guard has no duty to defend or indemnify Selene under the Selene Policy with respect to the underlying lawsuit because the underlying complaint does not allege a "personal and advertising injury" arising out of any of the enumerated offenses.

38. Old Guard has no duty to defend or indemnify Selene because the Selene Policy exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any "personal and advertising injury" coverage that might otherwise exist.

39. There may be other bases on which Old Guard can properly deny coverage to Selene, and Old Guard reserves the right to plead them in the future.

**WHEREFORE**, the Plaintiff, Old Guard Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant Selene Homes, LLC, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

## COUNT II
### No Duty to Defend or Indemnify Saoirse in The Underlying Lawsuit

40. Old Guard restates and incorporates the allegations of paragraphs 1 through 35, above as if set forth fully herein.

41. Old Guard has no duty to defend or indemnify Saoirse under the Saoirse Policy with respect to the underlying lawsuit because the underlying complaint does not allege a "personal and advertising injury" arising out of any of the enumerated offenses.

9

42. Old Guard has no duty to defend or indemnify Saoirse because the Saoirse Policy exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any "personal and advertising injury" coverage that might otherwise exist.

43. There may be other bases on which Old Guard can properly deny coverage to Saoirse, and Old Guard reserves the right to plead them in the future.

**WHEREFORE**, the Plaintiff, Old Guard Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant Saoirse Homes, LLC, with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

## COUNT III
**No Duty to Defend or Indemnify Jeffery in the Underlying Lawsuit under the Selene Policy**

44. Old Guard restates and incorporates the allegations of paragraphs 1 through 39 above as if set forth fully herein.

45. Old Guard has no duty to defend or indemnify Jeffery with respect to the underlying lawsuit to the extent that Jeffery's alleged conduct was not part of her duties as a manager of Selene.

46. Old Guard has no duty to defend or indemnify Jeffery with respect to the underlying lawsuit because the underlying complaint does not allege a "personal and advertising injury" arising out of any of the enumerated offenses.

47. Old Guard has no duty to defend or indemnify Jeffery because the Selene Policy's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any "personal and advertising injury" coverage that might otherwise exist.

48. There may be other bases on which Old Guard can properly deny coverage to Jeffery, and Old Guard reserves the right to plead them in the future.

**WHEREFORE**, the Plaintiff, Old Guard Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant Jennifer Jeffery, with respect to the underlying lawsuit and the Selene Policy, and for such other and further relief as this Court deems appropriate and just under the circumstances.

### COUNT IV
### No Duty to Defend or Indemnify Jeffery in the Underlying Lawsuit under the Saoirse Policy

49. Old Guard restates and incorporates the allegations of paragraphs 1 through 35, and paragraphs 40 through 43 above as if set forth fully herein.

50. Old Guard has no duty to defend or indemnify Jeffery with respect to the underlying lawsuit to the extent that Jeffery's alleged conduct was not part of her duties as a manager of Saoirse.

51. Old Guard has no duty to defend or indemnify Jeffery with respect to the underlying lawsuit because the underlying complaint does not allege a "personal and advertising injury" arising out of any of the enumerated offenses.

52. Old Guard has no duty to defend or indemnify Jeffery because the Saoirse Policy's exclusion for infringement of copyright, patent, trademark or trade secret, exclusion 2.i, negates any "personal and advertising injury" coverage that might otherwise exist.

53. There may be other bases on which Old Guard can properly deny coverage to Jeffery, and Old Guard reserves the right to plead them in the future.

**WHEREFORE**, the Plaintiff, Old Guard Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the Defendant Jennifer Jeffery, with respect to the underlying lawsuit and the Saoirse Policy, and for such other and further relief as this Court deems appropriate and just under the circumstances.

                                                      Respectfully submitted,

                                          **OLD GUARD INSURANCE COMPANY**

                              By:          */S/Philip G. Brandt*

David S. Osborne
ARDC # 6237821
dosborne@lpplawfirm.com
312-800-6025
Philip G. Brandt
ARDC # 6295960
pbrandt@lpplawfirm.com
312-762-5154
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison Street, Suite 3850
Chicago, Illinois 60606
*Attorneys for Plaintiff*
*Old Guard Insurance Company*