IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Old Guard Insurance Co, | ) |
| *Plaintiff/Counter-Defendant*, | ) ) ) |
| v. | ) Case No. 3:22-cv-50413 ) ) Magistrate Judge Lisa A. Jensen |
| Saoirse Homes LLC, et al., | ) ) ) |
| *Defendants/Counter-Plaintiffs*. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Old Guard Insurance Company's ("Old Guard") motion for leave to file an amended complaint. Dkt. 56 ("Motion"). For the reasons set forth below, the Court concludes that (i) the amended complaint would unduly prejudice Defendants; and (ii) there is no common transaction or occurrence that connects the current parties to the proposed added parties. Accordingly, Old Guard's motion is denied.

## **FACTUAL BACKGROUND**

On July 29, 2022, Jon B. Havrilesko, a nominal defendant in this case, filed suit against several home building companies and their respective managers, alleging that the companies infringed on his copyrighted blueprint home plan designs. *See* Compl., Dkt. 1, *Havrilesko v. Petry Home Builders LLC et al*, No. 22-cv-50265 (N.D. Ill.). Saoirse Homes LLC (Saoirse), Selene Homes LLC (Selene), and Jeffry Petry were named as defendants in Havrilesko's trademark infringement complaint. *Id.* Saoirse and Selene each had a commercial insurance package policy issued by Old Guard, and the Petry Trust (which was not named as a defendant) had a commercial insurance package policy issued by Westfield Insurance Company, an affiliate of Old Guard. Motion ¶¶ 3-4, Dkt. 56. After Havrilesko filed suit, Saoirse and Selene tendered their defense to

1

Old Guard, asking it to defend them in the underlying suit. *Id.* ¶ 5. Old Guard denied their tender and then commenced this declaratory judgment action. *Id.* ¶ 6. Sometime after Old Guard filed its complaint, Petry, as trustee of the Petry Trust, tendered his defense to Westfield to defend in the Havrilesko action. *See id.* ¶ 7. Westfield denied Petry's tender, and Old Guard contends that Westfield seeks to join this action to determine whether it owes an obligation to Petry under the Trust policy. *Id.* ¶ 8.

## PROCEDURAL BACKGROUND

On November 30, 2022, Old Guard filed the instant declaratory judgment action against Defendants Saoirse, Selene, and Jennifer Jeffery who is a member and manager of Saoirse and Selene. Compl., Dkt. 1. Old Guard contends that it has no duty to defend or indemnify Selene or Saoirse in the underlying lawsuit, because the underlying complaint does not allege an actionable "personal and advertising injury" arising out of any of the enumerated offenses. Compl. ¶¶ 36-53, Dkt. 1. Defendants answered and counterclaimed, alleging that (1) Old Guard has a duty to defend all Defendants in the underlying lawsuit; (2) Old Guard has breached its duty to defend; and (3) Section 155 of the Illinois Insurance Code clearly requires Old Guard to defend, and that Old Guard acts in bad faith in bringing the declaratory judgment action. Dkt. 46. Old Guard answered the first two counterclaims and moved to dismiss the Section 155 counterclaim. Dkts. 47-48. The motion to dismiss remains pending before the district judge.

Now before the Court is Old Guard's motion for leave to amend its complaint. Dkt. 56. Old Guard seeks to (i) add an affiliate of Old Guard, Westfield Insurance Company (Westfield), as a plaintiff; (ii) add Jeffry Petry as a defendant; (iii) add the Petry Trust as a defendant; and (iv) add two claims by Westfield against Jeffry Petry and the Petry Trust, alleging that Westfield has no duty to defend Petry or the Petry Trust in the underlying lawsuit. *See generally* Motion, Dkt.

2

56. In its motion, Old Guard argues that "since Old Guard and Westfield are related entities which have issued policies with substantially similar provisions at issue," the Court should add Westfield, Petry, and the Petry Trust to the suit to "avoid duplicative pleadings." Motion at 2, Dkt. 56. Defendants oppose the amendment, arguing that the amended complaint would prejudice the Defendants because it will require (i) additional time for Westfield to effect service on Petry and the Petry Trust; (ii) additional time for Petry and the Petry Trust to respond to Westfield's claims; and (iii) additional motion practice on Westfield's claim against the Petry Trust. Defs.' Resp. at 4, Dkt. 57. In its reply, Old Guard does not substantively address the potential delays resulting from its proposed joinder, but it contends that the Court should join the new parties because the Petry Trust is seeking the same defense from Westfield as the current Defendants seek against Old Guard, and that the Westfield policy is "substantially similar" to the Old Guard policies. Pl.'s Reply at 2, Dkt. 59.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed R. Civ. P. 15(a)(2). While courts are to give leave freely, a district court may deny leave for good reason, including "futility, undue delay, undue prejudice, or bad faith." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

Federal Rule of Civil Procedure 20(a)(1) provides that plaintiffs may be joined in a single action if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any

question of law or fact common to all plaintiffs will arise in the action. Rule 20(a)(2) provides that defendants may join in an action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. There is no formalistic test for whether claims arise out the same transaction or occurrence, but courts "should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). A court may deny joinder under Rule 20 "if the addition of the party under Rule 20…will result in prejudice, expense or delay." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (quoting 7 Wright & Miller, Federal Practice & Procedure § 1652 (3d ed.)).

## ANALYSIS

While Old Guard has framed its motion as one to amend under Fed. R. Civ. P. 15(a), the motion seeks to add one plaintiff and two additional defendants in the case. Accordingly, the motion must be analyzed under both Rule 15 and Rule 20. *See, e.g.*, *Hinson v. Northwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20….").

### I. AMENDMENT UNDER RULE 15

Defendants argue that Old Guard has purposefully and unduly delayed in waiting ten weeks to file its motion to amend. Defs.' Resp. ¶ 14, Dkt. 57. The Court concludes that there is no undue delay in Old Guard moving to amend its complaint, because the parties have elected to forgo discovery and are waiting on a ruling for Old Guard's motion to dismiss. *See, e.g.*, *County of Cook*

*v. Phillip Morris, Inc.*, 97 C 3295, 1997 WL 667777, at *2 (N.D. Ill. Oct. 17, 1997) ("Two months and three weeks is hardly an undue delay, especially where no significant activity has occurred in the action."). Similarly, the Court sees no deliberate conduct amounting to bad faith by waiting until now to file for leave to amend because Old Guard has given a plausible reason for why it filed its motion to amend ten weeks after its initial complaint: Petry tendered his defense and indemnity under the Trust policy issued to Westfield after Old Guard had filed its complaint. Pl.'s Reply at 5, Dkt. 59. *See CFPB v. TransUnion*, No. 22 C 1880, 2023 WL 3602685, at *1 (N.D. Ill. May 23, 2023) (finding no bad faith or dilatory motive when the party seeking leave to amend "offer[ed] plausible reasons for the timing of its motion").

      Defendants also argue that allowing the amended complaint would unduly prejudice them. This Court agrees. The amended complaint would have to be served on the new defendants, who would then have to answer or otherwise plead and could then file their own counterclaims, requiring an answer from Westfield, potentially with another round of briefing on a motion to dismiss. Defendants would also be unduly prejudiced because they chose to forgo discovery based on the current parties in the case but may have made different tactical decisions had they known the case would proceed with additional parties. *See, e.g.*, *McCann v. Frank B. Hall & Co.*, 109 F.R.D. 363, 368 (N.D. Ill. 1986) (stating that "parties pursue discovery consistent with their respective theories of the case, as they are framed in the pleadings. If the pleadings change, the theory of the case also changes, and the parties' approach to discovery can shift dramatically"). Similarly, Westfield, Petry, and the Petry Trust were not parties to that agreement, and it would be prejudicial to the added parties to bind them to an agreement to forego discovery. *See id.*

**II.    JOINDER UNDER RULE 20.**

While there is no formalistic test for determining whether suits arise out of the same transaction or occurrence, courts have generally adopted a "logical relationship" test. *See*, *e.g.*, *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) ("[T]he words 'transaction and occurrence'…may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") (quoting *Warshawsky & Co. v Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977)).

Although it is true that in the underlying action it is alleged that each defendant infringed on the same blueprints Saoirse, Selene, and the Petry Trust have three distinct, separately negotiated insurance contracts that provide different periods of coverage. *See* Compl., Dkt. 1, *Havrilesko v. Petry Home Builders LLC et al*, No. 22-cv-50265 (N.D. Ill.). Thus, there is no common question of law or fact shared between the Old Guard policies and the Westfield policy, because the policies are not identical, and each contract is interpreted as a whole to determine whether the insurance company must defend its insureds. *See, e.g.*, *Dolan v. Safeco Ins. Co. of Indiana*, 297 F.R.D. 210, 212 (E.D.N.Y. Jan. 7, 2014) (stating that joinder under Rule 20 was improper, because three non-identical insurance policies did not share, or arise out of, the same transaction or series of transactions); *Evridges, Inc. v. Travelers Lloyd's Ins. Co.*, 15-cv-179, 2015 WL 5918044, at *2 (W.D. Tex. Oct. 9, 2015) (concluding that joinder of two insurance companies was improper, because the case involved two different insurance claims made to two separate insurers under two separate insurance policies); *Campo v. State Farm Fire and Casualty Co.*, 06-cv-02611, 2007 WL 2155792, at *2 (E.D. La. July 26, 2007) (stating that the court consistently concludes that individual insurance contracts involve different factual and legal issues, and thus do not arise out of the same transaction and occurrence).

Finally, Old Guard argues that amending its complaint to add Westfield, Petry, and the Petry Trust will conserve judicial resources because if the Court denies leave to amend, "Westfield would have to file a separate and duplicative action and would create the real risk of an inconsistent result if two judges construe the allegations with the policy provisions in a different manner." Pl.'s Reply at 2, Dkt. 59. The Court is not persuaded by Old Guard's argument. The Court will examine each individual insurance contract to determine whether the insurer owes its insured a duty to defend. Thus, joining the parties does not preserve judicial resources because the Court will have to examine each policy separately, regardless of whether Westfield, Petry and the Petry Trust join this matter. *See Estee Lauder Cosms. Ltd.*, 334 F.R.D. 182, 189 (N.D. Ill. 2020) (stating that joinder of numerous parties in one action does not promote judicial economy where the court must still evaluate the evidence submitted against each defendant in support of liability and damages). Nor could two separate decisions be deemed inconsistent where they are each based on an interpretation of different insurance policies.

For these reasons, Old Guard's motion to amend its complaint is denied.

Date: August 17, 2023      By:  *Lisa A. G____*
                                Lisa A. Jensen
                                United States Magistrate Judge

7