# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Old Guard Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Saoirse Homes, LLC, Selene Homes, LLC, Jennifer Jeffery, and Jon B. Havrilesko, <br><br> Defendants. | Case No. 3:22-cv-50413 <br><br> Honorable Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

Plaintiff Old Guard Insurance Company brings this diversity action against two LLCs and a member of both companies (the LLC defendants)[1] seeking a declaratory judgment that it has no duty to indemnify or defend them under an insurance contract. Before the Court is Old Guard's motion to dismiss a counterclaim brought by the LLC defendants under section 155 of the Illinois Insurance Code. For the following reasons, the motion is denied.

## I. BACKGROUND

On July 29, 2022, Jon Havrilesko brought an action against the LLC defendants, alleging that they had violated federal copyright law as to home designs whose copyright he owned.[2] Dkt. 1, Ex. A. After this suit was instituted, the LLC

---

[1] In particular, Old Guard names Saoirse Homes, LLC, Selene Homes, LLC, and Jennifer Jeffery as defendants. Havrilesko, the plaintiff in the underlying suit, is also named as a defendant in this suit, but is not involved with this counterclaim.

[2] It is currently docketed with this Court as *Jon B. Havrilesko, v. Petry Home Builders, LLC*, No. 22-cv-50265.

1

defendants made a tender of defense to their insurer, Old Guard, which refused to defend the action. Defs.' Countercl. (DC) ¶ 25. Old Guard then filed an action of its own against the LLC defendants, seeking a declaratory judgment that it was not required to defend or indemnify the LLC defendants in the underlying suit. Defs.' Answer ¶¶ 35-53. The LLC defendants counterclaimed, including under section 155 of the Illinois Insurance Code, DC ¶¶ 34-45, which counterclaim is subject to Old Guard's pending motion to dismiss.[3] Dkt. 48.

## II. LEGAL STANDARD

A motion to dismiss a counterclaim is governed by the ordinary standard for motions to dismiss. *See Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The moving

---

[3] This counterclaim is designated as Count III.

party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## III. ANALYSIS

### A. Section 155

Illinois law provides that "[i]n any action by . . . a company" concerning that company's liability under an insurance contract, the court may award fees and damages to the other party when the insurance company's actions are "vexatious and unreasonable." 215 ILCS 5/155. To qualify, an insurer's behavior must be "willful and without reasonable cause." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). This determination is based on the totality of the circumstances. *Golden Rule Ins. Co. v. Schwartz*, 203 Ill. 2d 456, 469 (2003); *see also Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007).

If the pleadings demonstrate a bona fide dispute regarding coverage—one that is "real, actual, genuine, and not feigned"—then there can be no section 155 liability. *See Am. States Ins. Co. v. CFM Const. Co.*, 923 N.E.2d 299, 308 (Ill. App. Ct. 2010) (cleaned up) (quoting Black's Law Dictionary 177 (6th ed. 1990)). "Whether an insurer had a *bona fide* coverage dispute with an insured shows whether the insurer acted unreasonably or vexatiously; this showing goes to the merits of the claim and is not a separate affirmative defense." *P & M/Mercury Mech. Corp. v. W. Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006). But arguments against coverage that "lack support in fact or law belie any possible good faith dispute and thus fall under section 155." *TKK USA, Inc. v. Safety Nat. Cas.*

3

-

*Corp.*, 727 F.3d 782, 793 (7th Cir. 2013) (quoting *Bedoya v. Ill. Founders Ins. Co.*, 688 N.E.2d 757, 764-65 (1997)).

### B. LLC defendants' counterclaim

The counterclaim at issue relies on the following facts:

> (1) the underlying suit alleges that the LLC defendants have "published infringing copies of [that suit's plaintiff's] Copyright Works . . . for the purposes of advertising, marketing, and/or promotion" on the internet, including on the LLC defendants' own website, and in print, DC ¶ 9;
>
> (2) the insurance contract with Old Guard obligates it to defend the LLC defendants against "any suit"[4] seeking damages for "personal and advertising injury," *id.* ¶ 12, which is defined to include any "injury . . . arising out of" infringement "upon another's copyright" in an "advertisement,"[5] *id.* ¶ 14;
>
> (3) exclusions reduce the scope of coverage for "personal and advertising injur[ies]" but do not affect coverage for any "infringement, in [an] 'advertisement,' of copyright," *id.* ¶ 13;
>
> (4) nevertheless, Old Guard has "unequivocally refused to defend" the LLC defendants in the underlying suit and has instead filed this

---

[4] Suit is defined as a "civil proceeding in which damages because of . . . 'personal and advertising injury' to which this insurance applies are alleged." *Id.* ¶ 16.
[5] Advertisement is defined as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters," including "material placed on the Internet" and parts of a web site that are "about your goods, products, or services." *Id.* ¶ 15

4

declaratory judgment action, and has disclosed no reasonable basis for doing so. *Id.* ¶¶ 27, 35

An insurer's obligation to defend its insured is decided under the "eight-corners rule"; that is, with reference only to the "four corners of the insurance policy and the four corners of the complaint for which defense is sought." *United Fire & Cas. Co. v. Prate Roofing & Installations, LLC*, 7 F.4th 573, 580 (7th Cir. 2021). Under Illinois law,[6] "[a]n insurer's duty to defend its insured is much broader than its duty to indemnify." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 125 (1992). "[I]f *any* portion of [a] suit *potentially* falls within the scope of coverage, the insurer is obligated to defend." *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009) (second emphasis added); *see also* 3 Jeffrey E. Thomas, *New Appleman on Insurance Law Library Edition* § 17.01 (2021) ("It is difficult to overstate the breadth of an insurer's duty to defend.").

Further, "the filing of a declaratory judgment action" can itself be "a vexatious and unreasonable action supporting an award under 215 ILCS 5/155(1)" under the totality of the circumstances. *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*, No. 17 C 06588, 2018 U.S. Dist. LEXIS 76437, at *12 (N.D. Ill.

---

[6] The parties seem to agree that Illinois law governs the interpretation of the contract, an assumption under which the Court will proceed. *See Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies. We are busy enough without creating issues that are unlikely to affect the outcome of the case (if they were likely to affect the outcome the parties would be likely to contest them). We shall continue in this course.").


May 7, 2018).[7] And a section 155 claim founded solely on an insurer's unreasonable interpretation of an insurance contract can survive a motion to dismiss. *See Midway Wholesalers, Inc. v. Motorists Com. Mut. Ins. Co.*, No. 21 CV 05441, 2022 U.S. Dist. LEXIS 171474, at *10-16 (N.D. Ill. Sept. 22, 2022) (finding that a section 155 claim premised merely on the theory that an insurer's coverage position was "patently contrary" to the language of the insurance contract could proceed).

All the cases that Old Guard cites to show that a section 155 claim based on an unreasonable legal interpretation is insufficient to survive a 12(b)(6) motion are inapposite. They either involved dismissal on summary judgment, with the benefit of a full record, or dealt with the duty to indemnify, which will generally require more factual enhancement to proceed compared with claims involving the more-easily triggered duty to defend. In the lone case that dealt with a duty to defend, although the section 155 claim was dismissed, the court implicitly held open the possibility that it could have proceeded if the insurer's position was "unreasonable or lacked merit in light of the policies' language," *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 U.S. Dist. LEXIS 67710, at *6-7 (N.D. Ill. Sept. 10, 2007), which is precisely what the LLC defendants have pleaded.

---

[7] Old Guard asserts that an identical argument was received dismissively by the Seventh Circuit: "Presenting a dispute to a court for resolution is hardly a reason to award punitive damages!" *Am. States Ins. Co. v. Cap. Assocs. of Jackson Cnty., Inc.*, 392 F.3d 939, 940 (7th Cir. 2004). But in that case, the insurer had undertaken the defense of its insured under a reservation of rights, and only thereafter filed a declaratory judgment action; it was evidently this situation that led the insured's section 155 counterclaim to be derided as "absurd." *Id.*

Old Guard's motion to dismiss thus hinges on "whether [it] had a genuine basis for disputing the policy coverage" regarding its duty to defend, which, again, is an extremely expansive duty. *Nine Group II, LLC v. Liberty Int'l Underwriters, Inc.*, 168 N.E.3d 956, 967 (Ill. App. Ct. 2020). If it didn't and knew it has no reasonable argument for denying coverage, it can be liable under section 155, even if the sum of its misconduct was filing a declaratory judgment action.

Old Guard spends much of its memorandum emphasizing that under Illinois law, insurance companies who do not believe they are obligated to defend their insured may, in lieu of defending the suit under a reservation of rights, file a declaratory judgment action, whereupon the duty to defend is suspended during the pendency of the suit; it decries what it characterizes as the LLC defendants' attempt to punish it for exercising its right to seek a declaratory judgment. Old Guard Mem., Dkt. 49, at 10-12. But this argument assumes what is at issue: that Old Guard has a reasonable basis for disputing coverage. Section 155 does not exempt from liability an insurer who "file[s] an action disputing its obligation to defend its insured on the most frivolous of grounds, thus leaving its insured to shift for itself until the declaratory judgment action was dispatched"—the "simple act of filing that action" does not "preclude the insured party from recovering the attorneys' fees that it was forced to expend in the interim in consequence of the insurer's bootless (and substantively groundless) lawsuit." *Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 906 F. Supp. 1177, 1179 (N.D. Ill. 1995), *rev'd on other grounds*, 84 F.3d 998 (7th Cir. 1996). The LLC defendants' claim is not that Old

7

Guard should be punished for exercising its rights under conditions of legal uncertainty; the thrust of the claim is that there is no uncertainty as to its duties under the law, and thus acts in bad faith.

The LLC defendants have pleaded sufficient factual matter, paired with reasonable inferences drawn from those facts, to proceed. They have laid out facts—within the eight corners—relevant to assessing a duty to defend. The allegations in the underlying suit seem, at first blush, to fall clearly within the coverage for advertising injury stemming from copyright infringement, and to fall clearly outside the putatively relevant exclusion, which explicitly carves out copyright infringement in advertising. The LLC defendants also plead that Old Guard has "unequivocally" refused to defend them in the underlying suit and filed a declaratory judgment action while disclosing no reasonable basis for having done so. A reasonable inference from these facts is that Old Guard does not have any such basis.

Old Guard points to a few arguments. Old Guard Reply, Dkt. 55, at 3. But these arguments are devoid of any factual enhancement or legal elaboration and are thus not enough to show any bona fide dispute, especially when the language of the insurance contract appears, facially, to deal with the issue so squarely.

Thus, without prejudging the merits, no bona fide dispute is apparent from the face of the complaint. Accepting the facts pleaded as true, the LLC defendants plausibly suggest that Old Guard refuses to defend them in bad faith and is thus liable under section 155. It may well be that Old Guard will win on the merits—after all, it is not obligated to plead any legal theories at this stage. *Rabe v. United*

*Airlines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). On the record before the Court, however, the LLC defendants have made out a plausible claim for relief.

<center>*   *   *</center>

Old Guard's motion to dismiss is denied.

Date: November 14, 2023

                                                Honorable Iain D. Johnston
                                                United States District Judge